Filed 9/23/13  P. v. Lira CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE, | C073532 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036934) |
| v. | |
| ANTHONY JOSEPH LIRA, | |
| Defendant and Appellant. | |

On July 8, 2012, an officer searched defendant Anthony Joseph Lira and found a pipe containing a usable amount of methamphetamine.[1]  When advised that bringing drugs into a jail would result in another felony charge, defendant gave up two baggies each containing 0.2 grams of methamphetamine.

Defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior serious or violent felony conviction (Pen.

---

[1]  Because the matter was resolved by plea and the parties stipulated that the probation report only address credits, fines, and fees, our statement of facts is taken from the prosecutor's statement of factual basis for the plea.

Code,[2] §§ 667, subds. (b)-(i), 1170.12) for the sole purpose of ineligibility for local custody (§ 1170, subd. (h)). In exchange, a strike allegation and a prior prison term allegation were dismissed.

Defendant was sentenced to prison for a stipulated upper term of three years, awarded two days' custody credit and two days' conduct credit, and ordered to pay a $280 restitution fine (§ 1202.4), a $280 restitution fine suspended unless parole is revoked (§ 1202.45), a $195 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) including penalty assessments, a $585 drug program fee (Health & Saf. Code, § 11372.7) including penalty assessments, a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review discloses a minor error on the abstract of judgment. Defendant's offense was committed in 2012, not 2011. We direct the trial court to correct the abstract accordingly.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] Further statutory references are to the Penal Code unless otherwise indicated.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

     BLEASE     , Acting P. J.

We concur:

     MAURO     , J.

     DUARTE     , J.

3